UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RONALD RAJCOK,
    *Petitioner*,

v.

COMMISSIONER, DEPARTMENT OF
CORRECTION,
    *Respondent*.

No. 3:21-cv-00369 (JAM)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Ronald Rajcok has filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I will dismiss the petition on the ground that it was not timely filed.

### BACKGROUND

The following facts are derived from Rajcok's habeas corpus petition and from state court records attached to the Commissioner's motion to dismiss.[1]

On May 20, 2005, Rajcok was initially sentenced by the Connecticut Superior Court to an effective term of 36 years imprisonment after he pleaded guilty to charges including felony murder, kidnapping, and conspiracy.[2] Rajcok sought review before the Sentence Review Division, which is empowered under Connecticut law to "either increas[e] or decreas[e] [a] penalty" or to "decide that the sentence or commitment under review should stand."[3] Conn. Gen. Stat. § 51-196. Following a hearing, the Division chose not to decrease the sentence, as Rajcok and his attorney requested, but rather to increase Rajcok's sentence by six years.[4] On April 21,

---

[1] Doc. #1; Doc. #8.
[2] Doc. #1 at 2; Doc. #8-2 at 3, 43.
[3] *See* Doc. #8-3.
[4] Doc. #1 at 2; Doc. #8-4 at 4; *State v. Rajcok*, 2009 WL 650850 (Conn. Super. Ct. 2009).

1

2009, the Connecticut Superior Court imposed the sentence as directed by the Sentence Review Division, resulting in an effective term of 42 years imprisonment.[5]

Nearly seven years later Rajcok filed a state habeas corpus petition in February 2016 in the Connecticut Superior Court.[6] He alleged a claim for ineffective assistance of counsel by the attorney who represented him in his post-conviction sentence review proceedings before the Sentence Review Division.[7]

Following a trial on the merits, the state trial court issued a written decision on November 4, 2020, denying Rajcok's habeas corpus petition.[8] Rajcok asserts that he appealed the trial court's denial of habeas corpus relief to both the "Connecticut Court of Appeals" and the Connecticut Supreme Court, but he provides no citation to either court's decision.[9]

Rajcok filed the instant federal habeas corpus petition on March 17, 2021.[10] Echoing his state habeas petition, Rajcok primarily raises ineffective assistance of counsel claims as grounds for setting aside the six-year sentence increase as directed by the Sentence Review Division.[11]

## DISCUSSION

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal law, however, imposes stringent time limitations for prisoners to seek federal habeas corpus relief. Subject to certain exceptions, federal law requires that a federal petition for habeas corpus relief be filed within one year of a prisoner's state court conviction becoming

---

[5] Doc. #8-5 at 6–7.
[6] *See* Doc. #8-6 at 3 (¶ 8) (amended petition).
[7] *Id.* at 3–16.
[8] *See* Doc. #8-11.
[9] Doc. #1 at 5–6.
[10] *Id.* at 1.
[11] *Id.* at 2, 5, 9–17.

final. *See* 28 U.S.C. § 2244(d)(1). In the ordinary course, a state court conviction becomes "final" at the conclusion of any direct appeal of a conviction—specifically, on the date when the highest court from which a petitioner might seek review has denied relief or, if he has not sought such further review, the date when the time for seeking such higher court review has expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015).[12]

Here, Rajcok did not seek direct review of his conviction, but he did appeal his sentence to the Sentence Review Division.[13] I will assume, without deciding, that Rajcok's sentence was not final—or, alternatively, that the limitation period remained tolled—until April 2009 when the state trial court re-imposed the higher sentence as directed by the Sentence Review Division.[14] *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment."); *cf. Wall v. Kholi*, 562 U.S. 545, 556 (2011) (prisoner's motion for sentence reduction under state sentence review procedures tolled the § 2244(d)(1) limitation period).

Because far more than one year elapsed between the date that Rajcok's sentence became final in April 2009 and the date almost twelve years later when he filed the instant federal habeas corpus petition in March 2021, the central issue here is whether the one-year limitation period was somehow tolled during that time period. As the federal statute makes clear, the one-year time limit to file a federal habeas corpus petition may be tolled for any period of time that a petitioner has a properly filed and pending collateral challenge to his conviction in the state courts—including, for example, a state court habeas corpus petition. *See* 28 U.S.C. § 2244(d)(2);

---

[12] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.
[13] *See id.* at 2 (¶ 4).
[14] *See* C.G.S. § 51-196(d) ("The decision of the review division in each case shall be final.").

3

*see also Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009). The law is equally clear, however, that the one-year clock does not reset anew each time that a prisoner files a collateral motion for relief in state court: "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*).

Here, Rajcok had until no later than April 21, 2010—exactly one year after he was re-sentenced pursuant to the decision of the Sentence Review Division—to seek federal habeas corpus relief under 28 U.S.C. § 2254. He did not do so and does not point to any grounds for tolling that occurred during that one-year time period.

It is of no consequence that Rajcok later filed a state habeas corpus petition in 2016 and then filed his instant federal petition within one year of the Connecticut Superior Court's denial of his state habeas corpus petition. By the time that Rajcok filed his state habeas corpus petition, the federal one-year limitations period had long since expired, and the later filing of a state habeas corpus petition did not reset the federal limitations period. Accordingly, the petition for writ of habeas corpus is not timely and therefore must be dismissed. *See Ancona v. Chapdelaine*, 2016 WL 7007476, at *4 (D. Conn. 2016) (dismissing habeas corpus petition on same grounds).

## Conclusion

For the reasons set forth above, the Court GRANTS the Commissioner's motion to dismiss (Doc. #7). In light of the Court's conclusion that Rajcok's petition is untimely, there is no need to address the remaining arguments raised in the parties' briefing. Because Rajcok has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk of the Court shall close this case.

It is so ordered.

Dated at New Haven this 28th day of January 2022.

                                              /s/ *Jeffrey Alker Meyer*
                                              Jeffrey Alker Meyer
                                              United States District Judge